LUCERO, J.,
concurring in the judgment.
I respectfully disagree with my colleagues’ analysis of the statute of limitations issue, which, in my view, falters for two reasons. First, the majority inquires solely into the plaintiffs’ knowledge of official misconduct while failing to examine whether the plaintiffs knew they had an arguable wrongful death claim, an element of an access to courts cause of action. Second, the majority analyzes the plaintiffs’ subjective knowledge of the facts alleged in their complaint without asking whether, in addition, those facts should have put them on notice of their right to sue. Yet because I conclude that qualified immunity is available to the defendants, I would affirm on these alternative grounds. *781 The majority first concludes that “the claim for denial of access to the courts accrued when Plaintiffs knew, or should have known, the acts of Defendants deprived them of evidence necessary to bring a wrongful death action.” Majority Op. at 778 (emphasis added). In light of the Supreme Court’s holding in Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), however, this cannot be the entire inquiry. In Christopher, the Court assumed that the right of access to courts can be violated due to official interference with the opportunity to seek relief and held that the existence of such an opportunity “is an element that must be described in the complaint.”[1] Id. Specifically, the “plaintiff must identify a nonfriv-olous, arguable underlying claim.” Id. (quotation omitted). If the existence of an underlying wrongful death claim is an element of the constitutional violation, surely a plaintiff’s access to courts claim cannot accrue until she knows, or should know, of the arguable underlying claim.[2] Thus, the majority’s exclusive focus on the plaintiffs’ knowledge of official misconduct misses the mark.
As for my second point of disagreement, the majority reasons that “[bjecause the factual allegations in the amended complaint were nearly all known to Plaintiffs over two years prior to the filing of their suit, the suit is barred by the two-year statute of limitations.” Majority Op. at 780. This statement erroneously focuses on the plaintiffs’ knowledge of those facts pleaded in the complaint. Yet plaintiffs’ knowledge of the facts in the complaint is dispositive only if those facts were sufficient to put a reasonable person on notice of the injury that underlies the cause of action. See Alexander v. Oklahoma, 382 F.3d 1206, 1216 (10th Cir.2004) (using an objective test to determine when a federal cause of action accrues). By narrowly focusing on plaintiffs’ knowledge of the facts alleged in the amended complaint without inquiring whether those facts would have put a reasonable person on notice of a constitutional violation, the majority risks transforming an objective inquiry into a subjective one.
As noted, I would affirm the grant of summary judgment, but on alternative grounds. Our law is anything but clearly established regarding the existence and contours of a § 1983 access to courts claim based upon official destruction of evidence or investigatory failures. See Majority Op. at 778 n. 3. Pearson v. Callahan, recently decided by the Supreme Court, allows a court to grant qualified immunity without deciding whether a violation occurred when the right claimed to have been violated was not clearly established. - U.S. -, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (reasoning that in cases where it is “far from obvious” that a right exists, it may be appropriate not to decide whether there has been a violation). This fact-intensive case, premised on a constitutional claim of unclear viability, would best be handled in that fashion.
*782 For the foregoing reasons, I concur in the judgment of my respected colleagues.

. I agree with my colleagues that it is unclear in our circuit whether such a constitutional claim exists. See Majority Op. at 778 n. 3.

. It is very much an open question what a plaintiff must allege to "identify a nonfrivo-lous, arguable” wrongful death claim. See Christopher, 536 U.S. at 415, 122 S.Ct. 2179. Because the very misconduct that plaintiffs seek to challenge will often prevent them from knowing enough to actually file a wrongful death claim, presumably they need not "identify” the underlying wrongful death claim with the same specificity we would require for such a claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because I would resolve this case on qualified immunity grounds, I leave this question for another day.